Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence, affirms the Opinion and Award of the deputy commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. At all relevant times herein, defendant-employer was a duly qualified self-insured with Managed Health Resources as the servicing agent.
4. Per the Industrial Commission Form 22 Statement of Days Worked and Earnings of Injured Employee, plaintiff's average weekly wage was $453.37, yielding a compensation rate of $302.26.
5. The parties stipulated to plaintiff's recorded statement.
6. The parties stipulated to the short-term and long-term disability printouts reflecting plaintiff's benefits received from defendant-employer's sponsored disability benefit program.
7. The issues presented are:
 a) Whether plaintiff sustained an injury by accident arising out of and in the course and scope of her employment with defendant-employer?
 b) Whether plaintiff has provided adequate and proper notice pursuant to G.S. 97-22?
 c) Whether defendant-employer paid the required attention to this matter to know that compensation was required for injury by accident to plaintiff and, if it did not, should defendant-employer be penalized for ignoring its responsibilities to plaintiff under G.S. 97-88.1?
 d) Whether defendant-employer is entitled to a credit for payments made to plaintiff when not due and payable under the North Carolina Workers' Compensation Act?
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was forty-six years old.
2. Plaintiff was hired by defendant-employer as a geriatric technician/Certified Nurses Assistant in October of 1975. Plaintiff's job duties included delivering and collecting food trays and providing patient assistance, including helping patients bathe and ambulate for therapeutic purposes.
3. On 8 July 1997, plaintiff was assisting in the ambulation of a heavy female patient. Plaintiff put a transfer belt around the patient's waist to assist in supporting her and had the patient push her wheel chair down the hall for further support. However, the patient began to slump and plaintiff held the patient up with one hand and attempted to turn the wheel chair around so the patient could be seated. The patient continued to slump to her right side and to plaintiff's right side. Plaintiff felt a pain and numbness in her right arm and shoulder, but managed to seat the patient.
4. On or about 8 July 1997, plaintiff notified her supervisor, Faye Mullis, of plaintiff's injury to her right arm and shoulder.
5. Plaintiff continued to experience pain in her right arm and shoulder throughout July of 1997 and complained of the pain to her co-employees, including Elaine Phillips. Plaintiff told Ms. Phillips that she hurt her right shoulder ambulating a patient.
6. Plaintiff continued to work for defendant-employer until 26 July 1997, when she presented a note from her physical therapist, Angela Hogan, to a supervisor, Kathy Summers. The physical therapist requested that plaintiff be assigned to light duty due to her shoulder injury. Ms. Summers sent plaintiff home on 26 July 1997, but neither Ms. Summers nor any other supervisor ever scheduled plaintiff for light duty work.
7. An incident report of plaintiff's injury was finally filed on 5 August 1997, which was within thirty days of plaintiff's date of injury on 8 July 1997.
8. On 18 July 1997, plaintiff presented to her family doctor, Craig J. White, M.D., complaining of problems with her right arm and shoulder. Plaintiff reported a history of pain associated with pulling with her right arm at work. Dr. White referred plaintiff to physical therapy and wrote a light duty work note on 28 July 1997 with restrictions of no lifting above her head and no lifting of greater than ten pounds for two weeks.
9. Plaintiff returned to Dr. White on 7 August 1997 with greatly decreased range of motion. Dr. White took plaintiff out of work and referred her to Patrick M. Connor, M.D., an orthopaedist.
10. Plaintiff presented to Dr. Connor on 12 August 1997 and reported, as she had to the physical therapist, that her right shoulder injury began when she transferred or caught the heavy patient at work. Dr. Connor diagnosed plaintiff with a torn rotator cuff which was later confirmed by an MRI. Dr. Connor restricted plaintiff to light duty and limited her lifting to under 20 pounds with no repetitive motion and no overhead work.
11. On 21 October 1997, Dr. Connor performed surgery on plaintiff's right shoulder to correct her torn rotator cuff, but plaintiff's recovery was impeded by a frozen shoulder condition which required further surgery on 8 February 1998.
12. Based on the history given to him by plaintiff, Dr. Connor opined, and the Full Commission finds, that plaintiff's right torn rotator cuff was caused by her 8 July 1997 injury by accident.
13. Plaintiff did not report a specific incident which led to her right shoulder injury during her initial visit with Dr. White on 18 July 1997. However, plaintiff later related, both to her physical therapist on 25 July 1997 and to Dr. Conner on 12 August 1997, that the onset of pain in her right shoulder had begun while transferring a patient at work. The Full Commission finds that plaintiff's testimony regarding the specific incident leading to her right rotator cuff tear is credible.
14. Dr. Connor released plaintiff to return to work with lifting restrictions on 2 April 1998. At of the time of the hearing before the deputy commissioner, Dr. Connor had not yet assigned a permanent disability rating to plaintiff's right arm.
15. Catching and supporting the heavy patient when the patient stumbled and slumped constituted an interruption of plaintiff's normal work routine.
16. The competent medical evidence of record establishes that plaintiff sustained a right rotator cuff tear which was an injury by accident arising out of and in the course of her employment with defendant-employer on 8 July 1997.
17. Defendant had reasonable grounds to defend this claim.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to her right rotator cuff arising out of and in the course of her employment with defendant-employer on 8 July 1997. The activity of catching and supporting the heavy patient when the patient stumbled and slumped to her right side constituted an interruption of plaintiff's normal work routine and thus an accident within the meaning of the Act. G.S. 97-2(6).
2. Plaintiff is entitled to compensation benefits in the amount of $302.26 per week beginning 26 July 1997 and continuing until plaintiff returns to work or until further order of the Commission, subject to a credit to defendants for payments made under G.S. 97-42. G.S. 97-29.
3. Plaintiff is entitled to have defendant pay for all medical expenses incurred, or to be incurred, as a result of plaintiff's injury by accident, so long as such evaluations, examinations, and treatment are reasonably required to effect a cure, give relief, and tend to lessen plaintiff's disability, subject to the limitations of G.S. 97-25.1. G.S. 97-2(19).
4. Plaintiff is not entitled to an award of attorney's fees as sanctions against defendant. G.S. 97-88.1.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to attorney's fees hereinafter provided, defendant shall pay plaintiff compensation benefits at the rate of $302.26 per week for the period beginning 26 July 1997 and continuing until plaintiff returns to work or until further order of the Commission. Compensation due which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fees hereinafter provided in paragraph 5 of this Award.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury by accident of 8 July 1997 for so long as such evaluations, examinations, and treatments may reasonably be required to effect a cure, give relief, and will tend to lessen the period of plaintiff's disability. Defendant shall pay for Dr. Conner's treatment and the two surgeries he performed on 21 October 1997 and 8 February 1998.
3. As, at the time of the taking of evidence, plaintiff had not reached maximum medical improvement, this Opinion and Award does not address the issue of permanent partial impairment. In the event that the parties subsequently are unable to agree on the amount of compensation for permanent partial impairment, if any, to her right arm or shoulder, which may be due, either party may request a hearing from the Commission to resolve this issue.
4. Defendant is entitled to a credit for the payments made to plaintiff pursuant to the employer-funded continuation, disability, or other income replacement plan.
5. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this Award is hereby approved for plaintiff's counsel. Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, plaintiff's attorney shall receive every fourth compensation check. Consideration and designation of this attorney's fee contemplates that counsel for plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant.
6. Defendant shall pay the costs, including an expert witness fee of $235.00 to Dr. Connor.
 S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER